PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALBERT SPANN, | ) |
| Petitioner, | ) CASE NO. 1:15CV2424 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| LASHANN EPPINGER | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** [Resolving ECF Nos. 1 & 34 ] |

*Pro se* Petitioner Albert Spann, an Ohio prisoner at the Grafton Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging four grounds for habeas relief. ECF No. 1. The case was referred to Magistrate Judge William H. Baughman, Jr., for a Report and Recommendation pursuant to 28 U.S.C. § 636 and L.R. 72.2(b)(2). The magistrate judge issued a Report recommending the Court deny the Petition because Petitioner's habeas petition was time-barred. ECF No. 27. Petitioner objected (ECF No. 29), and Warden Eppinger replied (ECF No. 30). Petitioner filed an addendum to his objections (ECF No. 31), to which the Warden responded (ECF No. 32) and Petitioner replied (ECF No. 33). Petitioner also filed a motion in the Sixth Circuit under 28 U.S.C. § 2244 for authorization to file a second or successive habeas petition. *In re Spann*, No. 17-4325 (6th Cir. 2018). The Warden responded. *Id.* The Sixth Circuit denied the motion and transferred the matter back to the Court with instruction to treat Petitioner's motion for authorization as a motion to amend his petition. ECF

(1:15CV2424)

No. 34. For the following reasons, the Court overrules Petitioner's objections, adopts the Report, denies Petitioner's motion to amend his petition, and dismisses the Petition.

## I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). This presumption also extends to state appellate courts' factual findings based on the trial record. *Bowling v. Parker*, 344 F.3d 487, 497 (6th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

### A. Petitioner's Plea of Guilty and Collateral Attack of His Sentencing

The Ohio Eighth District Court of Appeals summarized the facts leading up to Petitioner's appeal from the state trial court's denial of his collateral attack of his sentence, as follows:

> {¶ 2} On June 22, 2009, Spann pleaded guilty to aggravated murder in violation of R.C. 2903.01(A), with notice of a prior conviction and repeat violent offender specification, and aggravated robbery in violation of R.C. 2911.01(A)(1), also with notice of a prior conviction and repeat violent offender specification. The trial court sentenced Spann to a term of imprisonment of 25 years to life on the aggravated murder count, and ten years on the aggravated robbery count to be served concurrently to the indefinite life sentence. The court also imposed a five-year mandatory term of postrelease control. Spann did not directly appeal his conviction.
>
> {¶ 3} Instead, on March 15, 2012, Spann filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." In that filing, Spann claimed that the trial court failed to evaluate his mental capacity. The trial court denied that motion. On November 28, 2012, Spann filed another motion, captioned "Motion to Strike and/or Resentencing," challenging the imposition of postrelease control. And finally, on August 30, 2013, Spann filed a motion to withdraw his plea pursuant to Crim. R. 32.1. The trial court denied the last two motions on June 16, 2014.

(1:15CV2424)

*State v. Spann*, No. 101595, 2015 WL 1959975, at *1 (Ohio Ct. App. Apr. 30, 2015); ECF No. 10-1 at PageID #: 277-78.

### B. Petitioner's Appeals from Collateral Attack of His Sentencing

On June 26, 2014, Petitioner filed a timely notice of appeal with the Ohio Court of Appeals from the trial court's denial of his motion to withdraw and motion for resentencing. ECF No. 10-1 at PageID #: 162. On appeal, Petitioner made five arguments, all summarized in the magistrate judge's Report. ECF No. 27 at PageID #: 555-56. The appellate court affirmed in part and reversed in part the decision of the trial court. ECF No. 10-1 at PageID #: 278-82. The journal entry of sentencing mentions the mandatory term of post-release control, but not the consequences for any violation as required. *Id.* at 281. Because a transcript of the sentencing hearing was not included in the record on appeal, the court of appeals presumed the trial court properly notified Petitioner of the consequences of violating post-release control, but simply omitted such reference from the final entry of conviction.[1] *Id.* Accordingly, Petitioner's request for resentencing was denied, and the case was remanded to the lower court for the sole purpose of issuing a *nunc pro tunc* correction of the final judgment of conviction to incorporate the consequences for post-release control violations.[2] *Id.* at PageID #: 281-82. Petitioner filed a

---

[1] Respondent attaches a copy of the sentencing transcript as an exhibit to the Return of Writ. ECF No. 10-2. The transcript confirms the trial court informed Petitioner of the consequence of violating post-release control. *Id.* at PageID #: 418.

[2] On October 27, 2015, the trial court issued the *nunc pro tunc* correction. ECF No. 10-1 at PageID #: 380-81.

3

(1:15CV2424)

notice of appeal to the Ohio Supreme Court. *Id.* at PageID #: 316. The Ohio Supreme Court declined to accept jurisdiction. *Id.* at PageID #: 341.

### C. Petitioner's Untimely Direct Appeal from His Conviction

On July 13, 2015, and over six years after his conviction, Petitioner filed an untimely[3] notice of appeal and motion for leave to file a delayed direct appeal from his conviction with the Ohio Court of Appeals. *Id.* at PageID #: 342-47. The court of appeals *sua sponte* denied Petitioner's motion for leave and dismissed the appeal. *Id.* at PageID #: 353-54. Petitioner filed an application for reconsideration. *Id.* at PageID #: 355. The court of appeals denied the application. *Id.* at PageID #: 357. Petitioner filed a notice of appeal with the Ohio Supreme Court. *Id.* at PageID #: 358-76. On November 10, 2015, the Ohio Supreme Court declined to accept jurisdiction. *Id.* at PageID #: 378.

On November 24, 2015, Petitioner filed this federal habeas petition, asserting four grounds for relief under the Due Process Clause. ECF No. 1.

### II. Standard of Review

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to

---

[3] A party must file a notice of appeal within 30 days of the judgment being appealed for it to be timely. Ohio App. Rule 4(A).

4

(1:15CV2424)

appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court conducts a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Discussion

**A. Statute of Limitations Under AEDPA**

5

(1:15CV2424)

The statute of limitations governing Petitioner's habeas petition provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *Crangle v. Kelly,* 838 F.3d 673, 677 (6th Cir. 2016). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Crangle,* 838 F.3d at 677.

The magistrate judge recommends the Court dismiss the petition because it is time-barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner makes two objections to the report. First, he objects to the magistrate judge's finding that the *nunc pro tunc* sentencing entry by the state trial court on October 27, 2015 was not a new sentence. Petitioner claims that, because the *nunc pro tunc* sentencing entry was a new sentence, the statute of limitations on his right to appeal under the AEDPA restarted. Second, Petitioner objects to the magistrate judge's finding that Petitioner did not meet his burden in showing he was unaware of his appellate rights. Each objection is addressed in turn.

**1. The Trial Court's *Nunc Pro Tunc* Correction**

The entry of a new judgment after a resentencing resets the 1 year statute of limitations clock under the AEDPA. *Crangle,* 838 F.3d at 678. The petitioner may then

6

(1:15CV2424)

bring a new petition attacking the underlying conviction as well as the new judgment. *King v. Morgan*, 807 F.3d 154, 157-58 (6th Cir. 2015). "A new, worse-than-before sentence . . . amounts to a new judgment," resetting the statute of limitations clock. *Crangle*, 838 F.3d at 679. Conversely, a new sentence leaving the underlying initial judgment undisturbed is not a new judgment. *Id.* at 678.

Petitioner claims the magistrate judge erroneously determined that the state trial court's 2015 *nunc pro tunc* entry did not restart the statute of limitations, relying on *Crangle*. In 2007, Crangle pled guilty to one count of rape. *Crangle*, 838 F.3d at 675. His plea agreement indicated his post-release control could last "up to 5 years." *Id.* However, at the sentencing hearing, the state court judge and Crangle's attorney incorrectly informed him that he would be subject to "straight parole," rather than post-release control. *Id.* The sentencing entry also did not indicate that Crangle would be subject to post-release control. *Id.* Over one year after his conviction was finalized, Crangle filed a motion to withdraw his guilty plea. *Id.* The trial court denied his motion. *Id.* at 676. The court also ordered a *nunc pro tunc* correction to his judgment of conviction to state that Crangle "shall be supervised on post-release control . . . for a mandatory period of 5 years after being released from prison." *Id.* The new judgment of conviction also imposed sanctions if Crangle violated the terms and conditions of post-release control. *Id.* Within one year of the *nunc pro tunc* correction, Crangle filed a habeas petition, which the district court dismissed as untimely. *Id.*

7

(1:15CV2424)

On appeal, the Sixth Circuit reversed, finding Crangle's habeas petition was timely because the *nunc pro tunc* correction created a new sentence. The Sixth Circuit noted that *nunc pro tunc* orders are "customarily used only to correct erroneous records, not to revise the substance of what transpired or to backdate events." Id. at 680. In this instance, however, the state court's *nunc pro tunc* order "walked back the trial court's statement, imposed post-release control [as opposed to parole], and reworded Crangle's sentence." Id. Because this was not the correction of a clerical error, but the substantive changing of the state court's sentence, the Sixth Circuit ruled the *nunc pro tunc* order amounted to a new judgment, resetting the statute of limitations on Crangle's time to file a habeas petition. Id.

In contrast, the state court's *nunc pro tunc* correction of Petitioner's habeas petition was clerical in nature, not substantive. First, unlike in *Crangle*, there is no discrepancy in the terms of Petitioner's post-release control between the initial sentencing entry and the *nunc pro tunc* correction. Both sentence Petitioner to a five year mandatory term of post-release control.[4] ECF No. 10-1 at PageID #: 110, 380-81. The *nunc pro tunc* order corrected the initial sentencing entry to include the *consequences* of a violation of post-release control. Id. at PageID #: 381

---

[4] The state court informed Petitioner at sentencing that he would face post-release control of "up to five years." ECF No. 10-2 at PageID #: 418. Petitioner contends the *nunc pro tunc* corrected sentencing entry, by imposing five years of mandatory post-release control, rather than "up to five years." ECF No. 29 at PageID #: 573. Petitioner claims this substantively modified his sentence. Id. Petitioner's original sentencing entry, however, imposed five years of mandatory post-release control, identical to the *nunc pro tunc* corrected sentencing entry. ECF No. 10-1 at PageID #: 110. Nor is the state court judge's statement at sentencing inconsistent with the sentencing entry. The *nunc pro tunc* correction did not modify the length of post-release control.

8

(1:15CV2424)

("Defendant is advised that if he violates a condition of post-release control, the parole board may impose a prison term of up to one-half of the prison term originally imposed upon Defendant for aggravated robbery."). Moreover, the trial court expressly informed Petitioner at sentencing of the consequences of violating post-release control. [ECF No. 10-2 at PageID #: 418](#) ("[T]he parole board could send you back to prison for up to half of the sentence that I have given to you on this particular count if you violate any of their rules and regulations if you got out of the penitentiary."). The *nunc pro tunc* order did not change the substance of Petitioner's sentence. *Crangle* does not help Petitioner.

The magistrate judge correctly determined the *nunc pro tunc entry* "did not restart the statute of limitations period because it only served to correct a clerical error." [ECF No. 27 at PageID #: 567](#). Accordingly, the Court overrules Petitioner's first objection.

### 2. Notice of Right to Appeal

Due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights. *[Wolfe v. Randle](#)*, 267 F. Supp. 2d 743, 746-48 (S.D. Ohio 2003). In order to be properly informed, a defendant must be apprised of his right to appeal, the procedures and time limits involved in proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal. *[Id.](#)* at 748. It is the habeas petitioner's burden to show he was not advised of these rights by a preponderance of the evidence. *[Faught v. Cowan](#)*, 507 F.2d 273, 275 (6th Cir. 1974). A defendant cannot base a claim on the court's failure to inform him of his appellate rights if he has personal knowledge of these rights. *[Peguero v. United States](#)*, 526 U.S. 23, 29-30 (1999).

(1:15CV2424)

Petitioner claims that, because neither his lawyers nor the state court ever informed him of his appellate rights, and because he did not know of his appellate rights, his time to seek direct review of his conviction did not expire. ECF No. 29 at PageID #: 571. Petitioner contends that, because direct review concluded on November 10, 2015, and not July 27, 2009, as the magistrate judge determined, his habeas petition was timely under the AEDPA. *Id.* These assertions are nothing more than a restatement of the arguments Petitioner made in his Traverse, which were addressed by the magistrate judge in the Report. ECF No. 13 at PageID #: 468-71; ECF No. 27 at PageID #: 568-69. Because a rehashing of arguments from prior filings does not constitute a proper objection under Fed. R. Civ. P. 72(b), the Court need not consider Petitioner's contention. *See Cvijetinovic*, 617 F. Supp. 2d at 632 (district court chose not to address the portions of petitioner's objections that were identical to the arguments raised in the Traverse).

Moreover, the record does not support a claim that Petitioner did not know of his appellate rights. At sentencing, the state court noted that Petitioner "has been represented by both [of his attorneys] for quite a while, understood the nature of plea agreements, et cetera." ECF No. 10-2 at PageID #: 407. In light of Petitioner's criminal history, his understanding is unsurprising. An inspection of the Cuyahoga County Clerk of Courts case records reveals 21 separate cases, dating back to 1977, in which Petitioner was a criminal defendant.[5] Petitioner also timely filed a notice of appeal from the trial court's denial of his motion to withdraw and

---

[5] The Court, under Fed. R. Evid. 201(c)(1), takes judicial notice of Petitioner's case history maintained by the Cuyahoga County Clerk of Courts.

(1:15CV2424)

motion for resentencing on June 26, 2014.  Yet Petitioner did not directly appeal from his conviction until July 13, 2015.

Significantly, on November 28, 1997, *pro se* Petitioner unsuccessfully petitioned for habeas relief with the Ohio Court of Appeals.  *State ex rel. Spann v. Mitchell*, No. 97-0102, 1997 WL 752618 (Ohio Ct. App. Nov. 28, 1997).  Three months later, Petitioner, still *pro se*, appealed the denial of his habeas petition to the Ohio Supreme Court.  The Ohio Supreme Court affirmed the lower court's decision to deny habeas relief.  *State ex rel. Spann v. Mitchell*, 696 N.E.2d 589 (Ohio 1998).  Petitioner, after having already exercised his appellate rights *pro se* in the past, cannot claim lack of personal knowledge of these rights.  Rather, the evidence suggests Petitioner's extensive time in the criminal justice system likely led to his understanding and knowledge of his appellate rights.  His bare affidavit, absent anything else, does not demonstrate otherwise.  He is therefore unable to show that he was not aware of his right to appeal or the time for filing an appeal.

Accordingly, the Court overrules Petitioner's second objection.

**B.  Motion to Amend Petition**

"The Federal Rules of Civil Procedure apply to motions to amend petitions for a writ of habeas corpus."  *Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir.1995); *see* 28 U.S.C. § 2242 (a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").  A court shall grant leave to amend freely when justice so requires.  Fed. R. Civ. P. 15(a).  However, a court may justify denying leave to amend based on

11

(1:15CV2424)

futility of the amendment.  *Riley*, 62 F.3d at 90 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because Petitioner's habeas petition is time-barred, leave to amend would be futile. Accordingly, the Court denies Petitioner's motion to amend his petition.

### IV. Conclusion

For the foregoing reasons, the Court overrules Petitioner's objections, adopts the magistrate judge's Report and Recommendation, denies Petitioner's motion to amend his Petition (ECF No. 34), and dismisses the Petition (ECF No. 1).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


    IT IS SO ORDERED.


| | |
|---|---|
| December 21, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |